DANIEL M. PETROCELLI (Bar No. 97802)
dpetrocelli@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

RICHARD B. GOETZ (Bar No. 115666)
rgoetz@omm.com
ZOHEB P. NOORANI (Bar No. 253871)
znoorani@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Defendant FEDERAL INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SIMON WIESENTHAL CENTER, INC. and MORIAH FILMS,

Plaintiffs,

v.

CHUBB GROUP OF INSURANCE COMPANIES/FEDERAL INSURANCE COMPANY,

Defendant.

Case No. 2:20-cv-03890-ODW-JEM

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 12 12(b)(1)**

**Accompanying Documents:**
Memorandum of Points and Authorities; Declaration of Scott Shearer; Request for Judicial Notice; Proposed Order

Date: June 22, 2020
Time: 1:30 p.m.
Judge: Otis D. Wright II
Courtroom: 5D

Complaint filed: April 29, 2020

TO THE HONORABLE COURT, THE PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on June 22, 2020 at 1:30 p.m., or as soon thereafter as the matter may be heard, in Room 5D of the above-entitled court located at 350 W. First Street, Los Angeles, CA 90012, Defendant Federal Insurance Company[1] ("Federal") will and hereby does move this Court for an order dismissing the Complaint filed by the Simon Wiesenthal Center, Inc. and Moriah Films ("Plaintiffs"), without leave to amend, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).[2]

The Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Complaint fails to state a claim upon which relief can be granted because:

- Plaintiffs have not alleged any direct physical loss or damage to other property within one mile of the insured premises, as required to trigger civil authority coverage under the insurance policy issued by Federal (the "Federal Policy");
- Plaintiffs have not alleged that the March 19, 2020 Safer at Home Order by Los Angeles Mayor Eric Garcetti (the "Garcetti Order") prohibited access to the insured premises, as required to trigger civil authority coverage under the Federal Policy; and
- Plaintiffs have not alleged that the Garcetti Order was issued as the "direct result of direct physical loss or damage" to other property within one mile of the insured premises, as required to trigger civil authority coverage

[1] Defendant Federal Insurance Company has been incorrectly named as Chubb Group of Insurance Companies/Federal Insurance Company.

[2] Pursuant to 28 U.S.C. section 1407, certain plaintiffs have filed motions to transfer and coordinate or consolidate several actions that "seek a finding that [] Governmental Orders triggered coverage under the plaintiffs' business interruption insurance policies." (MDL No. 2942.) Federal disputes that the standards for transfer under 28 U.S.C. section 1407 are satisfied and that a multi-district litigation should be created, but wishes to advise the Court of the pending motions.

under the Federal Policy.

Additionally, Plaintiffs' requests for declarations that the Federal Policy "provides coverage to Plaintiffs for any . . . future civil authority closures of its Insured Premises due to physical loss or damage from the coronavirus under the Civil Authority coverage parameters"[3] and "provides business income coverage in the event that coronavirus has caused a loss or damage at the Insured Premises or immediate area of the Insured Premises" are dependent on contingent and hypothetical events not ripe for adjudication. Therefore, Plaintiffs' requests for these declarations should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because the Court lacks subject matter jurisdiction and pursuant to Federal Rule of Civil Procedure 12(b)(6) because these requests fail to state a claim upon which relief can be granted.

Because it will be impossible for Plaintiffs to cure the deficiencies in the Complaint by alleging other facts consistent with the challenged pleadings, Federal's motion to dismiss should be granted without leave to amend.

Pursuant to Local Rule 7-3, counsel for Defendant met-and-conferred by sending a letter on May 14, 2020 to counsel for Plaintiffs. The letter explained in detail the grounds for the motion and offered to discuss any of the issues raised by the motion.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the accompanying Declaration of Scott Shearer and the exhibit thereto, the accompanying Request for Judicial Notice and the exhibits thereto, the accompanying Proposed Order, the pleadings and records on file in this action, and such further evidence and argument that may be presented at the hearing on this motion.

[3] Plaintiffs also seek a declaration based on "current" civil authority closures, but the only order alleged in the Complaint is the Garcetti Order. For reasons discussed previously, Plaintiffs fail to state a claim under Rule 12(b)(6) based on the Garcetti Order.

Dated: May 22, 2020

**O'MELVENY & MYERS LLP**
DANIEL M. PETROCELLI
RICHARD B. GOETZ
ZOHEB P. NOORANI

By: /s/ Daniel M. Petrocelli
Daniel M. Petrocelli

Attorneys for Defendant
FEDERAL INSURANCE COMPANY